BARKDULL, Judge.
This is an appeal from a conviction and sentence entered by the trial court pursuant to a jury verdict which found the appellant guilty of second degree murder and possession of cocaine.
On Feb. 14, 1989, the victim (deceased) was found lying on the ground in front of his residence with stab wounds from which he ultimately died. An officer, after hearing a radio dispatch about the stabbing, saw the appellant in the area with blood on his hands and shirt, walking with his ex-girlfriend who testified that previously she had been walking with a drunken stranger when the appellant approached and began fighting with the man. She did not see the appellant with a knife and ran away once the fight began. A neighbor testified he saw the deceased and the appellant in a fist fight. The appellant was taken to the station where he denied knowledge of the stabbing. The appellant was found in possession of a small amount of cocaine. Samples of blood found on the appellant were similar to the deceased’s blood type. A latent palm print lifted from the outside trunk lid of a vehicle parked near the victim’s house matched a standard palm print of the appellant taken from him the first day of the trial, over defense objections. The appellant, on April 4, 1989, was charged by information with Count I, second degree murder and Count II, possession of cocaine. On April 24, 1989, the trial court signed an order permitting the police to take the defendant’s finger or palm prints. On June 14, 1989, immediately before jury selection, the prosecution asked permission to take the defendant’s finger prints. Defense counsel objected, claiming prejudice to take the prints just before trial because there would be no time to depose the fingerprint technician as to what he found. Jury was selected, the trial proceeded and the fingerprint technician testified over defense objections. The defendant’s standard prints taken just before trial matched a latent print lifted from a car near the scene of the stabbing. The defendant was found guilty and sentenced to 17 years on Count I and 5 years on Count II. This appeal follows.
The appellant contends the trial court erred in failing to conduct a Richardson hearing as to the prosecution’s failure to disclose the newly obtained fingerprint standards and a palm print comparison, thereby having a prejudicial effect upon the defendant’s ability to prepare for trial and constitutes reversible error, per se.
The state contends there was no discovery violation thus there was no need to conduct a Richardson hearing. There was no prejudice here as the discovery did not show anything different or unexpected as the expert also compared a palm print taken at the time of arrest which matched the latent print. Thus there was nothing favorable to the defendant to disclose.
*960 The trial court offered defense counsel time to examine any evidence produced by the alleged discovery violation in the event anything different or unexpected came up.[1] There is no showing this time was requested by the defense, and refused.
We affirm. There was no surprise. The prints taken at the time of trial did not differ from those taken at the time of arrest, and therefore defense counsel should have been prepared for the proffer of the adverse print evidence well in advance of the trial.
Affirmed.
FERGUSON, J., concurs in the result.

. "If anything shows up — or anything different or unexpected, we’ll give you time to work it out.”